**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

PAUL LUXAMA,

    Plaintiff,

v.                                         Case No.  4:20-cv-583-WS-MJF

MARK INCH, *et. al.*,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Paul Luxama, DC# L70301, has filed a civil rights complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (Docs. 1, 2). The undersigned recommends that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Luxama is barred under § 1915(g) from proceeding *in forma pauperis* and has failed to pay the filing fee upon initiating this lawsuit.[1]

### **I. BACKGROUND**

Luxama is an inmate of the Florida Department of Corrections ("FDC") currently confined at RMC Main Unit. (Doc. 1). Luxama asserts that his rights under

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

the First and Fourteenth Amendments have been violated. In support, Luxama alleges that after participating in a "sit-in protest" on September 9, 2016, and receiving publications from Karen Smith in 2017,[2] the FDC placed Luxama in the "STORMS database" as a security threat group ("STG"). Luxama states that he did not receive notice of the STG classification or a hearing before being placed in the database. He asserts that the stigma of being classified as a "STG" has precluded him from "favorable job assignments and programs, favorable transfers, and [illegible] considerations."

On May 11, 2020, FDC staff intercepted, confiscated, and destroyed letters between Luxama and Karen Smith without providing Luxama a notice of rejection and confiscation slip. Because of these letters, FDC staff recommended that Luxama be placed in close management ("CM") II for violating Florida Administrative Code, rr. 33-601.800. (Doc. 1 at 4). The institutional classification team approved the recommendation for Luxama to be placed in CM II.

Later, Luxama re-wrote one of the letters and an article that he wished to send to Karen Smith for publication. On July 23, 2020, he attempted to mail the letter and article. These documents were confiscated by FDC officials without a notice of

---

[2] The FDC purportedly concluded that the sit-in protest on September 9, 2016, was orchestrated by Karen Smith.

rejection or a confiscation slip. As a result, on August 11, 2020, FDC staff again recommended that Luxama be placed in CM-II.

Plaintiff asserts his placement in CM-II and the stigma from the STG classification resulted in (1) his mail being tampered with by FDC officials; (2) being placed in a cell for four hours with an inmate that had previously tested positive for Covid-19; (3) FDC confiscating his sweatshirt; (4) spending "unnecessary money buying a radio, canteen food, and batteries to comfort himself during his CM-II residency"; and (4) FDC placing Luxama in a cell with an inmate who had a different custody status.

## II. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

  unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

  A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

  In his complaint, Luxama concedes that federal courts previously had dismissed two of his civil actions, which count as strikes. (Doc. 1 at 9) (first citing *Luxama v. United States*, No. 5:14-cv-73-WS-GRJ (N.D. Fla. Apr. 24, 2014) (dismissing the action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted); and *Luxama v. McHugh*, No. 1:15-cv-1586-

CMH-JFA (E.D. Va. July 27, 2018) (dismissing the action for failing to state a claim upon which relief can be granted)).

In addition to the two strikes that Luxama concedes he has accrued, this court takes judicial notice that Luxama also filed an appeal which the Eleventh Circuit dismissed because it was frivolous. *See Luxama v. United States*, No. 14-12211-C (11th Cir. Feb. 27, 2015) (dismissing appeal as frivolous). Thus, Luxama has accrued at least three strikes.

Because Luxama has accrued at least three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Luxama's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Construed liberally, Luxama's allegations fail to make a colorable showing that he is under imminent danger of serious physical injury. Although Luxama makes a conclusory assertion that he is in imminent danger of physical injury because of his close management ("CM") placement, Luxama's complaint contains

no allegations that would support this assertion. Luxama complains that (1) he was placed in CM-II and placed in the "STORMS" database as a security threat group without due process; (2) his mail was intercepted and destroyed; (3) he is precluded from "favorable job assignments and programs, favorable transfers, and [illegible] considerations"; (4) he does not have the same "liberties" as inmates in general population; and (5) his ability to contact his family and other individuals has been severely limited.[3] Such allegations do not indicated that Luxama is in imminent danger of serious physical injury.

Because Luxama is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree*, 284 F.3d at 1236.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that

---

[3] Luxama indicates that on August 26, 2020, for approximately four hours he was placed in the same cell with a prisoner who *previously* tested positive for Covid-19. (Doc. 1 at 8). Luxama also asserts that on September 11, 2020, he was improperly placed in a cell with an inmate who had a different custody status. Luxama asserts that because he was placed in this cell, he was charged with committing aggravated assault against the other inmate. These allegations of past events are insufficient to show that Luxama was in danger of serious physical injury at the time he filed his complaint. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

1. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 ($350 filing fee and $52 administrative fee) filing fee in its entirety.

2. The clerk of court close this case file.

At Panama City, Florida, this 28th day of December, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**